IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRES REYNA MARES, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0176 |
| | § | |
| ROBERT LACY, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Andres Reyna Mares, Jr., also known as Andres Mares Reyna, Andres Mares-Reyna, and Andres Reyna-Mares, is a federal immigration detainee awaiting deportation. He currently is in custody of the Department of Homeland Security in Houston, Texas.

Proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, Mares filed his instant pleading as a section 2241 petition. A review of the pleading, however, shows that Mares is seeking to recover possession of certain personal property seized in 1999 in his prior state and/or federal criminal prosecutions, as well as requesting a new trial in the underlying federal conviction. In seeking return of the property, Mares states he is proceeding under Federal Rules of Criminal Procedure Rule 41(g), "Motion to Return Property."

Because his underlying criminal prosecutions have concluded, the Court construes Mares's pleading as a civil complaint. *See Bailey v. U.S.*, 508 F.3d 736, 738 (5th Cir. 2007). A Rule 41(g) motion must be filed within six years from when the right of action first

accrues. *See id*. at 740. A court is the proper venue if it sits in the same district where the property was seized. *See United States v. Clymore*, 217 F.3d 370, 373, 376 (5th Cir. 2000); see also FED. R. CRIM. P. 41(g). Because Mares states that the subject property was seized in 1999 in Tarrant County, Texas, it is clear that the six-year limitation expired long before his filing of this lawsuit, and that this Court is an improper venue.

Regardless, the Court cannot go forward with Mares's Rule 41(g) pleading, as his prior Rule 41(g) civil lawsuit seeking return of the property was denied in *Reyna v. U.S.*, C.A. No. 4:04-CV-598-Y (N.D. Tex. May 23, 2005). The Fifth Circuit Court of Appeals affirmed the district court's denial of relief, and held as follows:

> Federal prisoner Andres Mares Reyna, Jr. filed a civil complaint against the Government seeking the return of property seized in connection with his federal conviction for possession with intent to distribute cocaine. He appeals the district court's grant of summary judgment against him. Reviewing *de novo*, we affirm.
>
> First, Reyna claims that three vehicles were improperly seized and forfeited. The district court correctly concluded it lacks jurisdiction to hear disputes over the vehicles. The *res* has never been in federal custody and has not been subject to federal forfeiture. Instead, the vehicles are *in custodia legis* of the Tarrant County state district court of Texas. That court has exclusive jurisdiction over the *res*.
>
> Second, Reyna claims that he received inadequate notice that two sums of currency, $136,238.00 and $22,733.20, were to be forfeited in connection with his criminal case. The district court correctly rejected this claim. The Government mailed written notices to Reyna's address, to his attorney, and to his parents. The Government also published notice in the Wall Street Journal. All of these notices advised of the right to file a claim or petition for remission. Reyna's contention that he received insufficient notice is belied by the fact that he filed for remission (through his attorney) after the Government mailed notice. Under the circumstances of this case, the Government's notice was

> reasonably calculated to provide notice to the claimant. It satisfied both constitutional and statutory procedural requirements.
>
> Third, Reyna brings substantive challenges to the forfeiture of the currency. He argues that he earned the money through legitimate means and that the Government seized it pursuant to invalid search warrants. The district court correctly rejected these claims for want of jurisdiction given that Reyna failed to file a legal claim with the forfeiting agency. If Reyna had done so, he would have triggered a judicial proceeding through which he could have asserted defenses to forfeiture. Instead, Reyna sought remission. This court may not review the merits of Reyna's claim because such remissions are acts of grace by the agency. Having failed to avail himself of the procedures for requiring the government to institute judicial forfeiture proceedings in the first instance, remand is not available to reopen the inquiry into whether there was an adequate basis for this proceeds forfeiture.

*Reyna v. U.S.*, No. 05-10878 (5th Cir. May 9, 2006) (citations, internal quotations omitted).

The arguments raised here by Mares are essentially the same as those raised in his proceedings in the Northern District and Fifth Circuit Court of Appeals, and this Court has no authority or jurisdiction to reconsider those decisions. Mares's claims are barred by *res judicata* and collateral estoppel. The instant lawsuit is malicious and must be dismissed.

To the extent Mares is also seeking section 2241 relief as to his underlying federal criminal conviction based on alleged Fourth and Sixth Amendment violations, his most recent section 2241 petition challenging his conviction remains pending in *Mares v. Lacy*, C.A. No. H-16-3791 (S.D. Tex.). The instant lawsuit is duplicative of those claims and must be dismissed. The Court also notes that Mares filed a section 2241 proceeding in the Eastern District of Arkansas in 2003, likewise challenging his underlying federal conviction based

3

on the allegedly unlawful search and seizures. The proceeding was dismissed with prejudice in 2004. *See Reyna v. Cole Jeter*, C.A. No. 2:03-CV-00151 (E.D. Ark. Feb. 5, 2004).

This lawsuit is DISMISSED for the reasons stated above. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on February 6, 2017.

_____
Gray H. Miller
United States District Judge